UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARTIN J. FULLER, individually and on behalf
of all others similarly situated,                                    CASE NO. 11-81184-CIV-MARRA

Plaintiffs,

vs.

IMPERIAL HOLDINGS, INC., et al,

Defendants.
_____/

CITY OF ROSEVILLE EMPLOYEES RETIREMENT
SYSTEM, on behalf of itself and all others similarly
situated,                                                            CASE NO. 11-81300-CIV-MARRA

Plaintiffs,

vs.

IMPERIAL HOLDINGS, INC., et al,

Defendants.
_____/

RICHARD SAUER and FRANCES SAUER,
individually and on behalf of all others similarly situated,  CASE NO. 11-81282-CIV-MARRA

Plaintiffs,

vs.

IMPERIAL HOLDINGS, INC., et al,

Defendants.
_____/

NORMAN PONDICK, individually and on behalf of
all others similarly situated,                                    CASE NO. 11-81347-CIV-MARRA

Plaintiffs,

vs.

IMPERIAL HOLDINGS, INC., et al,
Defendants.
_____/

## ORDER

This cause is before the Court upon Defendants Imperial Holdings, Inc., David A. Buzen, Antony Mitchell, Jonathan Neuman, Richard O'Connell, Jerome A. Parsley, FBR Capital Markets & Co., JMP Securities LLC, and Wunderlich Securities, Inc.'s Motion in Support of Consolidation of Related Actions (DE 49 in case no. 11-81184; DE 36 in case no. 11-81300; DE 40 in case no. 11-81282; DE 18 in case no. 11-81347); Plaintiffs Richard Sauer, Francis Sauer, Stephen Sauer and Tamara Sauer's (the "Sauer Family") Motion for Consolidation of Related Actions, Appointment of the Sauer Family as Lead Plaintiffs and Approval of Lead Counsel (DE 21 in case no. 11-81282) and Plaintiff Robert Aberman's Motion to Expunge or Seal Documents Filed in Support of his Withdrawn Motion for Appointment as Lead Plaintiff (DE 53 in case no. 11-81282).

Plaintiffs bring this action on behalf of all persons or entities who purchased the common stock of Defendant Imperial Holdings pursuant or traceable to the company's February 7, 2011 initial public offering. Plaintiffs allege various violations of the Securities Act of 1933 including 11 U.S.C. §§ 77k, 77l and 77o.  The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, requires the Court to address consolidation before considering

2

motions for the appointment of lead plaintiff and counsel.  Under the PSLRA, a court should not make a determination regarding lead plaintiff until after the motion to consolidate is resolved.  Once resolved, courts are instructed to appoint lead plaintiff and counsel "as soon as practicable."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

Congress enacted the PSLRA to remedy perceived abuses in securities class action litigation. See Vincelli v. National Home Health Care Corp., 112 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000); In re Party City Securities Litigation, 189 F.R.D. 91, 103 (D.N.J. 1999).  "The purpose behind the PSLRA is to 'empower investors so that [the investors], not their lawyers, control private securities litigation by allowing the Court to ensure the transfer of primary control of private securities litigation from lawyers to investors.'" See Vincelli, 112 F. Supp. 2d at 1313 citing In re Party City Securities Litigation, 189 F.R.D. at 103; Chill v. Green Tree Financial Corp., 181 F.R.D. 398, 407 (D. Minn.1998).  To that end, the PSLRA has certain guidelines for identifying potential lead plaintiffs who are the most representative of the class as a whole.  Vincelli, 112 F. Supp. 2d at 1313.  It meets that goal by requiring a plaintiff, seeking to represent a class, to publish a notice in a widely circulated national business oriented publication and, once published, provides for that plaintiff to move for status of lead plaintiff no later than 60 days after the publishing of the notice.  Id. citing 15 U.S.C. § 78u-4(a)(3)(A)(I).

Once potential plaintiffs have met these requirements, the Court must select the most adequate plaintiff.  There is a rebuttable presumption that the person or entity with the largest financial interest is the most adequate plaintiff.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); see Newman v. Eagle Bldg. Tech., 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("the most important factor in determining the lead plaintiff is the amount of financial interest claimed").  This presumption

3

may be rebutted by a showing that a selected plaintiff will not fairly and adequately protect the interest of the class or that unique defenses would render the selected plaintiff incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  The selection of a lead plaintiff is a question of fact for the Court.  <u>Vincelli</u>, 112 F. Supp. 2d at 1314.  Once the most adequate plaintiff is selected, the Court must consider whether to approve counsel selected by the lead plaintiff, and that decision also rests within the discretion of the court. 15 U.S.C. § 78u-4(a)(3)(B)(v); <u>Vincelli</u>, 112 F. Supp. 2d at 1315.

The Court begins by granting the motions to consolidate all four actions.  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper when the actions involve common questions and facts. Fed. R. Civ. P. 42(a).  Here, all four cases involve the same subject matter and present the same legal issues.  Although there are pending motions to remand in two of the actions, that does not preclude the Court from consolidating these actions.  Should any of the cases be remanded, those cases will proceed in state court and the remaining cases shall remain in this Court.  The Court finds that judicial efficiency will be served by having one active docket.  Therefore, these four cases will be consolidated for all purposes.  As such, **all pleadings and motions hereafter shall bear the name <u>Martin Fuller v. Imperial Holdings et al.</u> and case number 11-81184-CIV-MARRA**.

With respect to the motion for lead plaintiff and counsel, the Court believes addressing this matter now, prior to deciding the motions to remand, will also serve judicial efficiency, especially since there is no dispute that Plaintiffs in the remand actions have failed to move timely to be appointed lead plaintiff.  Indeed, only the Sauer Plaintiffs have moved for lead plaintiff and lead counsel status.  The Sauer Plaintiffs claim they have purchased 45,400 shares

and have a financial loss of $388,624.00. Moreover, the Sauer Plaintiffs have alleged they suffered the same injuries as those of the putative class members and have indicated their willingness to serve as lead plaintiffs.  Significantly, no other entity challenges that the Sauer Plaintiffs are the presumptive lead plaintiffs or contends they are an atypical and inadequate party.  Lastly, with respect to the appointment of lead counsel, the Court notes that the firm of Glancy Binkow & Goldberg LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class action on behalf of injured investors. (Firm Resume, Ex. D, DE 22-4.)  For all these reasons, the Court finds the Glancy law firm will adequately and competently represent the interests of the Sauer Plaintiffs and the putative class. Therefore, the Court will appoint the Sauer Plaintiffs lead plaintiffs and their counsel as lead counsel.

Finally, the Court grants Robert Aberman's motion to expunge or seal documents filed in support of his withdrawn motion for appointment of lead counsel. In support, Mr. Aberman states that the documents filed in support of his motion for appointment of lead counsel contained incorrect information regarding the Sauer Plaintiffs, including information about a different Richard Sauer and Frances Sauer. If this information is not restricted from the public, the identities of these four individuals may be misidentified and confused by others in the future. As such, the Court will direct that the documents at docket entries 44 and 45 of case no. 11-cv-81282 be restricted from public view.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)  Defendants Imperial Holdings, Inc., David A. Buzen, Antony Mitchell, Jonathan Neuman, Richard O'Connell, Jerome A. Parsley, FBR Capital Markets & Co.,

5

>JMP Securities LLC, and Wunderlich Securities, Inc.'s Motion in Support of Consolidation of Related Actions (DE 49 in case no. 11-81184; DE 36 in case no. 11-81300; DE 40 in case no. 11-81282; DE 18 in case no. 11-81347) is **GRANTED**. The cases are consolidated. All pleadings and motions hereafter shall bear the name <u>Martin Fuller v. Imperial Holdings et al.</u> and case number 11-81184-CIV-MARRA. The Clerk shall **CLOSE** case nos. 11-81300-CIV, 11-81282-CIV; 11-81347-CIV.

2)  Plaintiffs Richard Sauer, Francis Sauer, Stephen Sauer and Tamara Sauer's (the "Sauer Family") Motion for Consolidation of Related Actions, Appointment of the Sauer Family as Lead Plaintiffs and Approval of Lead Counsel (DE 21 in case no. 11-81282) is **GRANTED**.

3)  Plaintiff Robert Aberman's Motion to Expunge or Seal Documents Filed in Support of his Withdrawn Motion for Appointment as Lead Plaintiff (DE 53 in case no. 11-81282) is **GRANTED**. Documents at docket entries 44 and 45 of case no. 11-cv-81282 shall be restricted from public view

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of February 2012.

_____
KENNETH A. MARRA
United States District Judge